UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR JOEL VALDEZ RODRIGUEZ, | Case No.  1:24-cv-01194-HBK |
| Plaintiff, | ORDER REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY[1] |
| v. | (Docs. 14, 16) |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Victor Joel Valdez Rodriguez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income under the Social Security Act. (Doc. 1).  The matter is currently before the undersigned on the parties' briefs, which were submitted without oral argument. (Docs. 14, 16).  For the reasons set forth more fully below, the Court remands the matter to the Commissioner of Social Security for further administrative proceedings.

## I.    JURISDICTION

Plaintiff protectively filed for supplemental security income on January 15, 2021, alleging a disability onset date of August 16, 2019.  (AR 330-36).  Benefits were denied initially (AR 134-

[1]  Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1).  (Doc. 9).

44, 170-74) and upon reconsideration (AR 145-63, 178-83).  Plaintiff appeared for a telephonic hearing before an administrative law judge ("ALJ") on April 12, 2023.  (AR 86-104).  Plaintiff testified at the hearing and was represented by counsel.  (*Id*.).  The ALJ denied benefits (AR 21-39) and the Appeals Council denied review (AR 6-13).  The matter is before the Court under 42 U.S.C. § 1383(c)(3).

## II.    BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 22 years old at the time of the hearing.  (*See* AR 347).  He graduated from high school in special education classes and attempted a few college classes but "did not get very far in either of them."  (AR 93, 357).  He lives with his mother, stepfather, younger sister, and her boyfriend.  (AR 93).  He has work history as a general laborer.  (AR 93-94, 101).  Plaintiff testified that he was told his job ended because he was laid off, but he was "not sure if that was completely the case." (AR 94-95).  He reported he needs reminders for daily tasks and hygiene from his parents, can make simple meals but not cook on the stove, could not grocery shop on his own, has difficulty being in a large group, and has difficulty with loud noises.  (AR 96-99).

## III.    STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.   SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the

3

claimant is not disabled.  20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  20 C.F.R. § 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran*

4

*v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.    ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 15, 2021, the application date. (AR 27). At step two, the ALJ found that Plaintiff has the following severe impairment: autism spectrum disorder. (AR 27). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 27). The ALJ then found that Plaintiff has the RFC to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he can understand and remember simple tasks. He can maintain attention, concentration, and pace for simple tasks in two hour periods. He cannot have public contact. He can have occasional coworker contact. He can make simple work related decisions. He can adapt to job routine and environment consistent with simple tasks.

(AR 29). At step four, the ALJ found that Plaintiff has no past relevant work. (AR 33). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: hand packager, machine packager, and kitchen helper. (AR 34-35). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since January 15, 2021, the date the application was filed. (AR 35).

## VI.    ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issue for this Court's review:

1. Whether the RFC was supported by substantial evidence in light of the ALJ's consideration of the medical opinion evidence; and

2. Whether the ALJ properly considered Plaintiff's symptom claims.

(Doc. 14 at 4-9)

////

////

## VII.    DISCUSSION

### A. Medical Opinion

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. § 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 416.920c(b)(2). Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. § 416.920c(b)(2). However, when two or more medical

6

opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. § 416.920c(b)(3).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion.  *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).  Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must still provide an explanation supported by substantial evidence.  *Id*. at 792.  This means that the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id*. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

In August 2021, state agency medical consultant Myles Friedland, Ph.D. opined that Plaintiff does not have understanding and memory limitations; and has no significant limitation in his ability to carry out very short and simple instructions, work in coordination with or in proximity to others without being distracted by them, make simple work-related decisions, and ask simple questions or request assistance.  (AR 155-57).  However, Dr. Friedland also found moderate limitations in Plaintiff's ability to carry out detailed instructions, maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, sustain an ordinary routine without special supervision, complete a normal workday or workweek without interruptions from psychologically based symptoms and to perform at a consist pace without an unreasonable number and length of rest periods, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness, respond appropriately to changes in the work setting, be aware of normal hazards and take appropriate precautions, and

travel in unfamiliar places or use public transportation. (AR 155-58). As relevant here, Dr. Friedland provided additional narrative explanation of the assessed mental residual functional capacity as follows: "Claimant can sustain concentration and pace for simple one and two-step mental tasks only over time due to psychological based symptoms." (AR 158). The ALJ found Dr. Friedland's opinion persuasive as it was consistent with the objective record and Plaintiff's reports, and it was supported with a review and narrative of the evidence available to him at that time. (AR 32-33).

Plaintiff argues that despite finding Dr. Friedland's opinion persuasive, the ALJ's failure to incorporate the opined limitation that Plaintiff "can sustain concentration and pace for simple one and two-step mental tasks only over time," or otherwise "provide any rationale to support the decision not to include [the] limitation," constituted reversible error. (Doc. 14 at 5-6). The Court agrees. A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(a). The RFC assessment is an administrative finding based on all relevant evidence in the record, not just medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). In determining the RFC, the ALJ must consider all limitations, severe and non-severe, that are credible and supported by substantial evidence in the record. (*Id.*) (RFC determination will be affirmed if supported by substantial evidence). However, an ALJ's RFC findings need only be consistent with relevant assessed limitations and not identical to them. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

Defendant briefly argues, without citation to legal authority, that the ALJ "rationally" interpreted Dr. Friedland's assessment to mean "Plaintiff could do simple tasks and could do one or two-step tasks; not that Plaintiff was limited to solely one or two-step tasks" and "[r]eferencing the lesser-included ability to do 'one and two-step" tasks did not affect Plaintiff's ability to do 'simple' tasks." (Doc. 16 at 4). Defendant is correct that an ALJ's RFC is an administrative finding based on all the relevant evidence in the record and need only be consistent with the relevant assessed limitations and not identical to them. S*ee Turner v. Comm'r of Soc. Sec.*, 613, F.3d 1217, 1222-23 (9th Cir. 2010); *Stubbs*, 539 F.3d 1173-74 (finding harmless error when the ALJ's hypothetical properly incorporated limitations consistent with those identified in medical

8

testimony).  However, regardless of whether the assessed RFC properly limited Plaintiff to "simple tasks" based on the overall evidence of record, the issue remains as to whether the ALJ properly considered Dr. Friedland's opinion that Plaintiff limited to sustaining concentration and pace for "simple one to two-step tasks only over time." (AR 158); *see Brown-Hunter v. Colvin*, 806 F.3d at 495 (a court "cannot substitute [the court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions.  Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."); *see* SSR 96-8p ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

Here, as correctly noted by Plaintiff, the ALJ "failed to acknowledge the existence of these opined limitations when addressing the opinion." (Doc. 14 at 5-6; AR 32-33 (ALJ outlining Dr. Friedland's assessment exactly as follows: "claimant had no limitations in understanding, remembering, and applying information but has moderate limitations in all other areas of mental functioning including moderate limitations in the ability to interact appropriately with co-workers and the general public.").  Thus, the ALJ failed to either provide reasons, supported by substantial evidence, to reject the limitation to simple one or two step tasks, or to properly incorporate the limitations into the assessed RFC.  *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations"); *Byrd v. Colvin*, 2017 WL 980559, at *8 (D. Or. Mar. 14, 2017) ("Here, the ALJ gave great weight to [the] opinion, but the RFC failed to take into account all of the limitations identified by [the doctor], and the ALJ failed to explain why she did not include the limitations in the RFC.  As a result, the ALJ erred in formulating the RFC.").  This constitutes error.

Further, the reviewing court cannot consider an error harmless unless it "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).  Here, in response to the hypothetical propounded by the ALJ at the hearing, the vocational expert testified that an individual with Plaintiff's age, education, work experience, and

the RFC outlined above, including the limitation to maintaining attention, concentration, and pace for simple tasks in two-hour periods, can perform the requirements of hand packer, machine packager, and kitchen helper.  (AR 34-35, 102).  However, as noted by Plaintiff, these occupations all require a DOT reasoning level of 2.  *See* DOT 920.587-018, *available at* 1991 WL 687916 (hand packager occupation requires reasoning level of 2); DOT 920.685-078, *available at* 1991 WL 687942 (machine packager occupation requires reasoning level of 2); DOT 318.687-010, *available at* 1991 WL 672755 (kitchen helper occupation requires reasoning level of 2).  It is well-settled in the Ninth Circuit that an individual restricted to one to two-step tasks cannot perform occupations requiring a Dictionary of Occupational Titles ("DOT") reasoning of 2.  *See Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996, 1003 (9th Cir. 2015) ("There was an apparent conflict between Rounds' RFC, which limits her to performing one- and two-step tasks, and the demands of Level Two reasoning, which requires a person to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions.'"); *Carlton D. v. Bisignano*, 2026 WL 296657, at *9 (S.D. Cal. Feb. 4, 2026) ("had the ALJ incorporated Dr. Friedland's opined restriction limiting Plaintiff to simple one and two-step tasks, a properly formulated RFC might contain mental limitations inconsistent with representative occupations identified by the vocational expert" "both of which require level two reasoning."); *Stephanie S. v. Kijakazi*, 2022 WL 594547, at *5 (S.D. Cal. Feb. 25, 2022) ("Following *Rounds*, a number of district courts in the Ninth Circuit have reversed ALJ decisions imposing a 'simple, repetitive tasks' RFC limit where the ALJs fail to address and distinguish conclusions by doctors that claimants can perform one-and-two step instructions.") (collecting cases); *Wells v. Colvin*, 2016 WL 4744668, at *8 (E.D. Cal. Sept. 13, 2016) (remanding where ALJ gave significant weight to doctor's opinion that Plaintiff could "sustain simple one-two step repetitive tasks," but did not adopt this limitation in the RFC, instead limiting Plaintiff to "simple, routine, and repetitive tasks."); *Cf. Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) (individual limited to simple, repetitive tasks has been found able to perform occupations requiring a DOT reasoning level of 2).

Thus, as noted by Plaintiff, the error is harmful because, had the ALJ adopted the

restriction to one to two-step tasks, Plaintiff would not have been able to perform the occupations listed at step five of the sequential evaluation.  Further, because there was no testimony from the vocational expert regarding a limitation to one to two-step tasks, the Court cannot confidently conclude that the disability determination would remain the same were the ALJ to fully credit this portion of Dr. Friedland's opinion.  *See Hill*, 698 F.3d at 1161 (when the ALJ improperly ignores significant and probative evidence in the record favorable to a claimant's position, the ALJ "thereby provide[s] an incomplete . . . [disability] determination.").  Based on the foregoing, the Court finds the ALJ erred by failing to properly reject the limitation to one to two-step tasks opined by Dr. Friedland or incorporate it into the assessed RFC.

On remand, the ALJ must reconsider Dr. Friedland's opinion along with the relevant medical evidence.

### B.  Symptom Claims

Plaintiff additionally argues the ALJ failed to provide clear and convincing reasons for discounting his symptoms.  (Doc. 14 at 7-9).  In light of the need to reconsider Dr. Friedland's medical opinion and the relevant medical evidence, it is unnecessary for the Court to consider this challenge.  On remand, the ALJ is instructed to reconsider the relevant medical opinion evidence and conduct a new sequential analysis, including a reevaluation of Plaintiff's symptom claims, and a reassessment of the RFC and step five finding if necessary

### C.  Remedy

The Court finds that further administrative proceedings are appropriate.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose).  Here, the ALJ improperly considered the medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence.  "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate."  *Treichler*, 775 F.3d at 1101.  On remand, the ALJ should reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating the opinions, supported by substantial evidence.

The ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts.  The ALJ should conduct a new sequential analysis, reevaluate Plaintiff's symptom claims, reassess Plaintiff's RFC, and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

Accordingly, it is **ORDERED**:

1.  Plaintiff's Motion for Summary Judgment (Doc. 14) is GRANTED.

2.  Defendant's Cross-Motion for Summary Judgment (Doc. 16) is DENIED.

3.  Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.

4.  An application for attorney fees may be filed by separate motion within thirty (30) days.

5.  The Clerk shall enter judgment in favor of the Plaintiff, terminate any pending motions/deadlines, and close this case.

Dated:    March 6, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE